64D01-2104-CT-003910
Porter Superior Court 1

Filed: 4/29/2021 10:54 AM
Clerk
Porter County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE PORTER SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF PORTER | ) | SITTING AT VALPARAISO, INDIANA |

MARIO PRUITT, )
)
   Plaintiff, )
)
       v. )   CAUSE NO._____
)
KIMBERLY-CLARK CORP. )
)
   Defendant. )

## COMPLAINT FOR DAMAGES AND JURY DEMAND

### COUNT I

Comes now the Plaintiff Mario Pruitt, by counsel David W. Holub and Katelyn C. V. Holub of The Law Offices of David W. Holub, P.C., and for Count I alleges as to Defendant Kimberly-Clark Corp. as follows:

1. On or about July 27, 2020, the Plaintiff Mario Pruitt was injured as a result of using defective, dangerous and/or contaminated sanitary wipes product called Cottonelle Wipes (hereinafter "the product"), manufactured by Defendant Kimberly-Clark Corp. (hereinafter "Kimberly-Clark") and sold throughout the state of Indiana.

2. The product used by the Plaintiff was defective, unreasonably dangerous, and/or contaminated with bacteria and/or other microbes.

3. The product was defective when it left the Defendant Kimberly-Clark's control, and was in a substantially unchanged condition when it was sold to the

Plaintiff through Defendant Costco Wholesale Corp., and then was used by the Plaintiff.

4. On or about October 9, 2020, Plaintiff received notice from Defendant Kimberly-Clark of a nationwide recall due to the discovery of "possible microbial activity on the [Cottonelle] wipes" that were sold through Costco over a seven month time period between February 14, 2020, and October 8, 2020. *See* Exhibit 1.

4. Plaintiff was injured as a direct and proximate result of using the defective, dangerous and/or contaminated product, which was sold and provided to him in a defective, dangerous and/or contaminated state, without any warning of said defectiveness, danger, or contamination.

5. The injuries to the Plaintiff occurred as a direct and proximate result of the wrongful acts and/or omissions of Defendant Kimberly-Clark in manufacturing, selling, and otherwise placing into the stream of commerce the aforementioned product in a defective, dangerous, and/or contaminated condition, unreasonably dangerous to the Plaintiff so as to make the Defendant Kimberly-Clark strictly liable for the physical harm caused by said product under the Indiana Product Liability Act (IPLA).

6. As a direct and proximate result of the aforesaid conduct of Defendant Kimberly-Clark, Plaintiff Mario Pruitt has suffered serious injury, endured physical and mental pain, fright, humiliation and mental anguish, incurred expenses for medical care, testing and treatment, as well as suffered a loss of earnings and a loss of earnings capacity.

WHEREFORE, Plaintiff Mario Pruitt demands judgment against Defendant Kimberly-Clark Corporation and prays for relief as follows:

      a.    For reasonable compensatory damages;
      b.    For all appropriate and reasonable punitive damages;
      c.    For interest and costs; and
      d.    For all other necessary and proper relief.

## COUNT II

Plaintiff Mario Pruitt further alleges as to Defendant Kimberly-Clark Corp. as follows:

1 – 6. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-6 of Count I.

7. The aforementioned product was not fit for the purpose for which it was sold and said product could not be safely utilized as intended, all in breach of express and implied warranties that the product would be fit and proper for the purpose for which it was sold, for which breach the Defendant Kimberly-Clark is strictly liable for all damages proximately resulting therefrom under the IPLA.

8. Accordingly, the Defendant Kimberly-Clark is strictly liable for violation of any and all express and/or implied warranties, pertaining to the production, manufacture and/or sale of said product, and for all damages proximately resulting therefrom.

WHEREFORE, Plaintiff Mario Pruitt demands judgment against Defendant Kimberly-Clark Corporation and prays for relief as follows:

      a.    For reasonable compensatory damages;
      b.    For all appropriate and reasonable punitive damages;
      c.    For interest and costs; and

  d. For all other necessary and proper relief.

## COUNT III

Plaintiff Mario Pruitt further alleges as to Defendant Kimberly-Clark Corp. as follows:

1 – 8.  Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 -8 of Count II.

9. Defendant Kimberly-Clark is strictly liable for all damage and other physical harm resulting from the use of its defective, dangerous, and/or contaminated product and all damages proximately caused therefrom, whether the wrongful conduct of Kimberly-Clark is described as negligence, contract breach, warranty breach, or otherwise, all of which are grounds for liability covered under the IPLA.

WHEREFORE, Plaintiff Mario Pruitt demands judgment against Defendant Kimberly-Clark Corporation and prays for relief as follows:

  a. For reasonable compensatory damages;
  b. For all appropriate and reasonable punitive damages;
  c. For interest and costs; and
  d. For all other necessary and proper relief.

        LAW OFFICES OF DAVID W. HOLUB, P.C.

        /s/ David W. Holub   /s/ Katelyn C. V. Holub
        DAVID W. HOLUB #8220-64
        KATELYN C. V. HOLUB #32366-64
        Attorneys for Plaintiff
        8403 Merrillville Road
        Merrillville, IN  46410
        Tel: (219) 736-9700
        Fax: (219) 736-9704
        holub@davidholublaw.com

## JURY DEMAND

Plaintiff, by counsel, demands trial by jury.

        LAW OFFICES OF DAVID W. HOLUB, P.C.

        /s/ David W. Holub   /s/ Katelyn C. V. Holub
        DAVID W. HOLUB #8220-64
        KATELYN C. V. HOLUB #32366-64
        Attorneys for Plaintiff
        8403 Merrillville Road
        Merrillville, IN  46410
        Tel: (219) 736-9700
        Fax: (219) 736-9704
        holub@davidholublaw.com